GAY CROSTHWAIT GRUNFELD—121944
LISA ELLS—243657
KARA J. JANSSEN—274762
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email: lells@rbgg.com

MICHELLE IORIO—298252
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Fourth Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:          (510) 665-8716
Email:        miorio@dralegal.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DAVID COLE, LEROY BENJAMIN, ERASMO FLORES, JR., ROBERT PHILLIPS and BRANDON WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA, a public entity, COUNTY OF SANTA CLARA DEPARTMENT OF CORRECTION, a public entity under the control of the County of Santa Clara, the COUNTY OF SANTA CLARA OFFICE OF THE SHERIFF, a public entity under the control of the County of Santa Clara, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 5:16-cv-06594-LHK<br><br>**CLASS ACTION**<br><br>**JOINT NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Lucy H. Koh<br>Date: May 10, 2018<br>Time: 1:30 p.m.<br>Trial Date: None Set |

[3212780.1]

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION AND MOTION .................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 2

INTRODUCTION ................................................................................................... 2

STATEMENT OF FACTS ...................................................................................... 3

    A.    Overview of the County Jails ................................................... 3

    B.    Programming and Services Offered at the County Jails ............... 4

    C.    Physical Barriers at the County Jails ...................................... 5

PROPOSED CLASS ............................................................................................... 7

LEGAL STANDARD FOR CLASS CERTIFICATION ....................................... 7

ARGUMENT .......................................................................................................... 7

I.    PLAINTIFFS' CLAIMS AND DEFENDANTS' DEFENSES ARE SYSTEMIC AND APPROPRIATE FOR RESOLUTION ON A CLASS-WIDE BASIS. .................................................................................. 7

II.    THE CLASS MEETS ALL OF THE REQUIREMENTS OF RULE 23(a). ............ 9

    A.    The Class Is So Numerous That Joinder Is Impracticable. ............ 9

    B.    The Commonality Requirement of Rule 23(a)(2) is Satisfied Because There Are Questions of Law and Fact Common to the Class and Capable of Common Answers ........................................ 10

        1.    Common Questions of Law ............................................. 11

        2.    Common Questions of Fact ............................................ 12

    C.    The Claims of the Representatives Are Typical of the Claims of the Class ................................................................. 13

    D.    Class Representatives and Class Counsel will Adequately Protect the Interests of the Class ..................................... 14

        1.    Named Representatives ................................................. 15

        2.    Plaintiffs' Counsel ..................................................... 15

III.    THE CONDITIONS OF RULE 23(b)(2) ARE MET. ............................. 17

CONCLUSION ...................................................................................................... 18

[3212780.1]

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Abdullah v. U.S. Sec. Assocs., Inc.,*
    731 F.3d 952 (9th Cir. 2013) ............................................................................ 10

*Access Now, Inc. v. Ambulatory Surgery Ctr. Grp. Ltd.,*
    197 F.R.D. 522(S.D. Fla. 2000) ........................................................................ 8

*Am. Council of the Blind v. Astrue,*
    No. C05-04696 WHA, 2008 WL 4279674 (N.D. Cal. Sept. 11, 2008) .................. 15

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) ........................................................................................ 17

*Armstrong v. Davis,*
    275 F.3d 849 (9th Cir. 2001) .................................................................... 11, 13

*Baby Neal for & by Kanter v. Casey,*
    43 F.3d 48 (3d Cir. 1994) ............................................................................ 8, 17

*Blackie v. Barrack,*
    524 F.2d 891 (9th Cir. 1975) ............................................................................ 7

*Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.,*
    249 F.R.D. 334 (N.D. Cal. 2008) ............................................................... 3, 8, 9

*Chavez v. Cty of Santa Clara,*
    No. 1:15-cv-05277-RMI (N.D. Cal. September 20, 2016) .................................. 8

*Ellis v. Costco Wholesale Corp.,*
    657 F.3d 970 (9th Cir. 2011) .................................................................... 11, 13

*Gen. Tel. Co. of Sw. v. Falcon,*
    457 U.S. 147 (1982) ........................................................................................ 13

*Hanlon v. Chrysler Corp.,*
    150 F. 3d 1011 (9th Cir. 1998) .................................................................. 13, 15

*Harper v. Law Office of Harris & Zide LLP,*
    No. 15-CV-01114-HSG, 2016 WL 2344194 (N.D. Cal. May 4, 2016) .................. 16

*Harris v. Palm Springs Alpine Estates, Inc.,*
    329 F.2d 909 (9th Cir. 1964) ............................................................................ 9

*Hawkins v. S2Verify,*
    No. C 15-03502 WHA, 2016 WL 3999458 (N.D. Cal. July 26, 2016) .................. 9

*Hernandez v. Cty. of Monterey,*
    305 F.R.D. 132 (N.D. Cal. 2015) ............................................................... passim

ii

[3212780.1]

*Jewett v. Cal. Forensic Med. Grp., Inc.*,
   No. 2:13-cv-0882-MCE-ACP, 2017 WL 980446 (E.D. Cal. Mar. 13, 2017).. 8, 9, 10

*Johnson v. California*,
   543 U.S. 499 (2005) ................................................................. 11

*Kim v. Space Pencil, Inc.*,
   No. C 11-03796 LB, 2012 WL 5948951 (N.D. Cal. Nov. 28, 2012) ...................... 17

*Lerwill v. Inflight Motion Pictures, Inc.*,
   582 F.2d 507 (9th Cir.1978) ........................................................ 15

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014) ............................................. 8, 11, 17

*Rannis v. Recchia*,
   380 F. App'x 646 (9th Cir. 2010) .................................................... 9

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ...................................................... 18

*Rosas v. Baca*,
   No. CV 12-00428 DDP (SHx), 2012 WL 2061694 (C.D. Cal. June 7, 2012) .......... 9

*Topete v. Cty of San Bernardino*,
   No. 5:16-cv-00355-VAP-DTB (C.D. Cal. January 27, 2017) ................................. 8

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ......................................................... 7, 10, 12

*Walters v. Reno*,
   145 F.3d 1032 (9th Cir. 1998) .......................................... 8, 15, 17

*Wehner v. Syntex Corp.*,
   117 F.R.D. 641 (N.D. Cal. 1987) .................................................... 13

*Wolin v. Jaguar Land Rover N. Am., LLC*,
   617 F.3d 1168 (9th Cir. 2010) ...................................................... 13

<u>Statutes</u>

29 United States Code § 705(9)(B) ..................................................... 14

29 United States Code § 794 .................................................... 2, 11

42 United States Code § 12102 ........................................................ 14

42 United States Code § 12131 .................................................. 2, 11

California Government Code § 12926(1) ................................................ 14

California Government Code §§ 11135 ............................................ 2, 12

Federal Rule of Civil Procedure  23(a)(3) ...................................... 13, 14

[3212780.1]

Federal Rule of Civil Procedure 23(a)..............................................................................2, 7

Federal Rule of Civil Procedure 23(a)(1)......................................................................9, 10

Federal Rule of Civil Procedure 23(a)(2)....................................................................10, 11

Federal Rule of Civil Procedure 23(b)(2)................................................................2, 3, 7, 8

Federal Rules of Civil Procedure 23(a)(4) ..................................................................14, 17

Federal Rules of Civil Procedure 23(b)(2) ..................................................................17, 18

Federal Rules of Civil Procedure 23(g)(1)(A)............................................................16, 17

JOINT NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

[3212780.1]

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on May 10, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located at 280 South First Street, San Jose, California, 95113, Plaintiffs David Cole, Leroy Benjamin, Erasmo Flores, Jr., Robert Phillips, and Brandon Williams ("Plaintiffs") and Defendants County of Santa Clara, County of Santa Clara Department of Correction, and the County of Santa Clara Office of the Sheriff ("Defendants") will and hereby do jointly move the Court for entry of an Order:

1. Certifying that this action is maintainable as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(2) as to each of Plaintiffs' causes of action;

2. Certifying a Plaintiff Class of "all individuals with mobility disabilities who are now, or will be in the future, incarcerated in the County Jails"; and

3. Certifying the named Plaintiffs as representatives of the Plaintiff Class and their counsel of record as class counsel for the Plaintiff Class.

This joint motion is based on the Complaint (filed on November 14, 2016), Defendants' Answer to Plaintiffs' Complaint (filed on January 23, 2017), this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Stipulation of Facts, and the Declaration of Lisa Ells and associated documents, filed and served herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This joint motion for class certification is filed by all named parties in this litigation.  The Plaintiffs—David Cole, Leroy Benjamin, Erasmo Flores, Jr., Robert Phillips, and Brandon Williams ("Plaintiffs")—and the Defendants—County of Santa Clara County, County of Santa Clara Department of Correction and the County of Santa Clara Office of the Sheriff ("Defendants")—agree that the proposed class should be certified, and the case proceed as a class action, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2).

This case presents the kinds of systemic legal and factual issues for which class certification was intended.  The Complaint alleges that Defendants have systemically failed to comply with Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, ("Section 504"), and California Government Code § 11135, *et seq.*  Plaintiffs' Complaint for Injunctive and Declaratory Relief (ECF No. 1) ("Compl.") ¶¶ 138-224.  Specifically, the Complaint alleges, and the parties stipulate, that no housing areas in the Santa Clara County Jail system ("County Jails") were fully compliant with federal or state accessibility standards at the time the litigation was filed, including standards under the ADA. Stipulated Facts in Support of Joint Motion for Class Certification ("Stip.") ¶ 7.  As a result of these non-compliant physical facilities, Plaintiffs allege that Defendants cannot provide inmates with mobility disabilities equal and meaningful access to all of the programs, services, and activities of the County Jails.  Compl. ¶¶ 1, 3, 8, 65, 73-75, 81-82, 86, 89, 90, 120.

The parties stipulate that Custody Staff and Custody Health Services Staff are subject to centralized and standard policies and practices regarding intake procedures, housing assignments, tracking processes, grievance procedures, programming, classification, and the provision and/or denial of disability-related accommodations, Stip. ¶ 12, a central chain of command, *id*. ¶¶ 13, 14, standard training, *id*. ¶¶ 15-17, and

[3212780.1]

standard accountability and disciplinary policies, *id.* ¶ 11.  Due to Defendants' centralized control, Plaintiffs maintain that Defendants must affirmatively develop and effectively implement system-wide policies and practices to ensure their programs, services, activities, and facilities are accessible to inmates with mobility disabilities, including through the remediation of systemic architectural access barriers.  These centralized policies and standard practices make this case particularly appropriate for class certification under Federal Rule of Civil Procedure 23(b)(2).  *See Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 345 (N.D. Cal. 2008) (hereinafter "*Caltrans*") ("Cases challenging an entity's policies and practices regarding access for the disabled represent the mine run of disability rights class actions certified under Rule 23(b)(2).").

Settlement talks between the parties are ongoing, and the parties now jointly seek class certification pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.  The parties seek certification of a Plaintiff Class consisting of:

> All individuals with mobility disabilities who are now, or will be in the future, incarcerated in the County Jails (the "Class").

Due to Defendants' centralized policies and practices as well as Defendants' extensive control of the County Jails and the individuals held within, this matter will necessarily involve numerous questions of fact and law that are common to the proposed Class.  These questions, in turn, will generate common answers.  Certification of the Class is therefore the most efficient and desirable way to address these issues.

## STATEMENT OF FACTS

### A.    Overview of the County Jails

The Santa Clara County jail system is the fifth largest jail system in California, and among the twenty largest systems in the United States.  Compl. ¶ 48; Defendants' Answer to Plaintiffs' Complaint (ECF No. 18) ("Answer") ¶ 37.  The County Jails include three facilities: the Santa Clara County Main Jail Complex ("Main Jail"), consisting of Main Jail North and Main Jail South, in San Jose, California; facilities for male inmates at the Elmwood Correctional Complex in Milpitas, California ("Elmwood"); and the Elmwood

Complex Women's Facility in Milpitas, California ("Elmwood Women's").  Stip. ¶ 3.  For fiscal year 2017, the County Jails' average daily population was approximately 3,577 inmates, of which a little over 3,000 are men and about 400 are women.  Stip. ¶¶ 1, 4-6. Over 45,000 individuals are booked into the Jails every year.  *Id.* ¶ 1.

Main Jail North primarily houses Level III and Level IV inmates but also houses some Level II and Level I inmates.  Stip. ¶ 4.  The California Board of State and Community Corrections ("BSCC") assigns housing capacity maximums to county jail housing units.  *Id.*  In 2017, Main Jail North's BSCC housing capacity was rated at 896 inmates and the average number of inmates housed at Main Jail was between 600 and 700. *Id.*  For the same time period, Main Jail South's BSCC housing capacity was rated at 465 and the average number of inmates housed at Main Jail South was approximately 50 to 150 inmates.  *Id.*  The Sheriff's Office plans to close Main Jail South in the near future and these inmates will be moved into other County Jail facilities.  *Id.*

Elmwood houses Level I and Level II inmates.  Stip. ¶ 5.  In 2017, Elmwood's BSCC housing capacity was 2,288 and the average number of inmates housed at Elmwood was approximately 2,000 inmates.  *Id.*  In 2017, Elmwood Women's BSCC housing capacity was 638 and the average number of inmates housed there was approximately 400 female inmates across all four security levels.  *Id.* ¶ 6.

**B.      Programming and Services Offered at the County Jails**

The County's centralized policies for Custody and Custody Health Services Staff govern intake procedures, housing assignments, tracking processes, grievance procedures, programming, classification, and the provision and/or denial of disability-related accommodations, among other things.  Stip. ¶ 12.  Custody Staff and Custody Health Services Staff are subject to centralized accountability and disciplinary processes and receive standardized training according to a curriculum developed or approved by the County on policies relevant to their respective disciplines that are applicable throughout the County Jails.  *Id.* ¶¶ 11, 15-16.  Custody Staff, which includes deputies and correctional officers, are subject to a central chain of command and report to the Office of

[3212780.1]

1   the Sheriff.  *Id.* ¶ 13.  All custodial policies are approved by the Sheriff or Chief of

2   Correction.  *Id.* ¶ 17.  Custody Health Services Staff ultimately report to the Deputy

3   Director of the Santa Clara Valley Health and Hospital System.  *Id.* ¶ 14.

4   The County Jail offers detainees and inmates a variety of programs, services, and

5   activities including:  (1) sanitary needs and hygiene; (2) food service; (3) recreation,

6   including yard, dayroom, telephones, and recreational reading; (4) necessary health care,

7   including medical and mental health care; (5) religious services; (6) rehabilitative

8   programs; and (7) visitation, including meetings with attorneys.  Stip. ¶ 8.  Certain

9   programs are offered only at Elmwood, including prison industries programs, job readiness

10  and exit planning, the literacy program, the domestic violence workshop, codependency

11  education, computer skills, art, and classes on parenting skills.  *Id.* ¶ 9.  Plaintiffs allege

12  that as a result of physical access barriers and insufficient policies and practices, Jail

13  programs, services, and activities, such as those listed above, are restricted or in some

14  cases completely unavailable to inmates with mobility disabilities.  Compl. ¶¶ 1, 3, 8, 65,

15  73-75, 81-82, 86, 89, 90, 120; Answer ¶¶ 37-38.

16  Plaintiffs further allege that Defendants have failed to modify policies, practices,

17  and procedures as needed to provide meaningful access for inmates with mobility

18  disabilities to assistive devices, appropriate housing, requests and grievances, and other

19  programs, services, and activities offered at the County Jails.  Compl. ¶¶ 8, 93, 99, 103,

20  109, 114, 116-127.  As alleged in the Complaint, to the extent Defendants have disability-

21  related policies and procedures in place, Defendants fail to adequately train staff regarding

22  such policies and procedures.  *Id.* ¶¶ 8, 95, 115.  Plaintiffs' allege that the lack of proper

23  training is evident in the failure of staff to provide legally required accommodations.  *Id.*

24  ¶ 115.

25  **C.   Physical Barriers at the County Jails**

26  At the time this lawsuit was filed, no housing areas at any of the County Jails were

27  fully accessible in compliance with state and federal disability laws, including standards

28  under the ADA.  Stip. ¶ 7.  Plaintiffs allege that physical barriers in the County Jails are

[3212780.1]

pervasive and their presence creates an inaccessible built environment that prevents inmates with mobility disabilities from having equal access to Jail programs, services, and activities.  Compl. ¶¶ 65, 66, 81; Answer ¶¶ 37-38.  Specifically, Plaintiffs allege that there are inaccessible cells, paths of travel with architectural barriers, and inappropriate or non-fixed assets/features, such as grab bars, transfer bars, and accessible toilets and showers. Compl. ¶¶ 65-66, 81-82, 86, 90; Answer ¶¶ 37-38.  As a result, Plaintiffs claim that inmates with mobility disabilities cannot use the facilities in their cells or housing areas, such as the toilet, sink, or shower, safely and independently.  Compl. ¶¶ 1, 3, 24-25, 32, 41, 67, 68.  Moreover, Plaintiffs allege that inmates with disabilities are denied access to programs, services, and activities due to these barriers.  *Id.* ¶¶ 1, 3, 88, 157, 160.

Prior to the filing of the Complaint, the only facilities at the County Jails with accessible features for inmates requiring assistive devices were the Infirmary (Unit 2C) and Special Housing (Unit 2B) units located on the second floor of the Main Jail.  Compl. ¶ 67.  Main Jail inmates who rely on certain assistive devices, such walkers, canes, crutches and prostheses, are allowed to retain these devices when housed outside of such units.  Compl. ¶ 68.  However, Plaintiffs allege that none of these inmates are housed in fully accessible housing areas and may be housed in housing areas without grab bars in their cells and showers to allow them to go to the bathroom and bathe safely and independently.  Stip. ¶ 7, Compl. ¶¶ 1, 3, 24-25, 32, 65-68, 81, 86; Answer ¶¶ 18-19, 25, 37-38.  Plaintiffs allege that inmates at the Main Jail who rely on wheelchairs are restricted to the Special Housing unit, including medium-security inmates who would otherwise be eligible for housing at Elmwood.  Compl. ¶ 62; Answer ¶¶ 5, 43.  As such, Plaintiffs contend that they are denied access to the additional programs, services, and activities offered at Elmwood, which are not available at the Main Jail.  Stip. ¶ 9; Compl. ¶¶ 62, 72. Further, the Elmwood facility consists of separate buildings with paths of travel between the buildings that present additional barriers to inmates with mobility disabilities due to the presence of broken pavement, steep curb cuts, and long routes.  Stip. ¶ 10.

[3212780.1]

1

## PROPOSED CLASS

Plaintiffs seek to certify the following class of individuals pursuant to Federal Rule of Civil Procedure 23(b)(2):  All individuals with mobility disabilities who are now, or will be in the future, incarcerated in the Santa Clara County Jails (the "Class").  The proposed Class seeks injunctive and declaratory relief.  It does not seek damages.

## LEGAL STANDARD FOR CLASS CERTIFICATION

In accordance with Federal Rule of Civil Procedure 23(a), class certification is proper where the party seeking certification demonstrates that (1) each of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and (2) the proposed class satisfies at least one of the requirements listed in Rule 23(b).  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (hereinafter "*Dukes*").  The moving party meets this burden by providing the court with a sufficient basis for forming a "reasonable judgment" that each of these requirements has been met.  *Blackie v. Barrack*, 524 F.2d 891, 900-01 (9th Cir. 1975); *see also Dukes*, 564 U.S. at 350.

Here, the parties agree that the proposed Class satisfies each of the Rule 23(a) requirements:  "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  The parties further agree that the proposed Class also satisfies at least one of the requirements listed in Rule 23(b) because "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

## ARGUMENT

**I.    PLAINTIFFS' CLAIMS AND DEFENDANTS' DEFENSES ARE SYSTEMIC AND APPROPRIATE FOR RESOLUTION ON A CLASS-WIDE BASIS.**

Cases alleging systemic non-compliance with disability anti-discrimination laws are

7

Case No. 5:16-cv-06594-LHK
JOINT NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION;
MEMORANDUM OF POINTS AND AUTHORITIES

[3212780.1]

well-suited to class certification because all of the factual and legal issues that will determine the public entity's liability focus exclusively on the defendant's acts and omissions.  *See*, *e.g.*, *Caltrans*, 249 F.R.D. at 345-46; *see also Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) (holding that suits which challenge a common policy and are brought to protect civil rights are precisely the type of suits for which Rule 23(b)(2) was designed); *Access Now, Inc. v. Ambulatory Surgery Ctr. Grp. Ltd.*, 197 F.R.D. 522, 524 n.1 (S.D. Fla. 2000) (listing disability rights class action cases certified under Rule 23(b)(2)). Further, the requirement of Rule 23(b)(2) "is almost automatically satisfied in actions primarily seeking injunctive relief."  *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994).

Numerous courts have certified classes in cases analogous to this one, where classes of prisoners or inmates allege systemic harm by the prison or jail.  *See*, *e.g.*, *Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014); *Hernandez v. Cty. of Monterey*, 305 F.R.D. 132, 139 (N.D. Cal. 2015); *Butler v. Suffolk Cty.*, 289 F.R.D. 80, 98, 103 (E.D.N.Y. 2013); *Jewett v. Cal. Forensic Med. Grp., Inc.*, No. 2:13-cv-0882-MCE-ACP, 2017 WL 980446, at *9-10 (E.D. Cal. Mar. 13, 2017), *report and recommendation adopted sub nom,* 2017 WL 1356054 at *1 (E.D. Cal. Apr. 5, 2017) (hereafter "*Jewett*") (order granting class certification); *Topete v. Cty of San Bernardino*, No. 5:16-cv-00355-VAP-DTB (C.D. Cal. January 27, 2017) (order granting class certification) (courtesy copy attached as **Exhibit A** to the Declaration of Lisa Ells in Support of Joint Motion for Class Certification ("Ells Decl.") ¶ 11); *Chavez v. Cty of Santa Clara*, No. 1:15-cv-05277-RMI (N.D. Cal. September 20, 2016) (order granting class certification) (courtesy copy attached as **Exhibit B** to Ells Decl. ¶ 12).

Here, Plaintiffs, a class of inmates with mobility disabilities, challenge—and seek declaratory and injunctive relief from—systemic policies and practices that subject them and others similarly situated to discriminatory treatment that Plaintiff alleges violates the ADA, Section 504, and applicable state law.  Because these access obligations, by their very nature, require an examination of Defendants' programs, policies, practices and

facilities on a system-wide basis, such claims are particularly well suited for class-wide determination.  *See, e.g.*, Stip. ¶¶ 7-17.

## II.     THE CLASS MEETS ALL OF THE REQUIREMENTS OF RULE 23(a).

### A.     The Class Is So Numerous That Joinder Is Impracticable.

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Plaintiffs need not establish that joinder is impossible, but merely that joining all class members would be difficult or inconvenient. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). Although there are no absolute numerical limitations, courts have found that numerosity is satisfied when the prospective class includes at least forty members.  *E.g., Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 WL 3999458, at *3 (N.D. Cal. July 26, 2016); *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010).  In determining the size of the class, courts may consider statistical data.  *Caltrans*, 249 F.R.D. at 347.

Courts routinely have found the numerosity requirement satisfied where, as here, the proposed class comprises current and future inmates who seek only declaratory and injunctive relief.  *See, e.g., Rosas v. Baca*, No. CV 12-00428 DDP (SHx), 2012 WL 2061694, at *2 (C.D. Cal. June 7, 2012) (finding a class of inmates sufficiently numerous where "the Jails currently house thousands of inmates, and are certain to house many more in the future"); *Jewett*, 2017 WL 980446 at *5 (finding class sufficiently numerous where "as many as thirty-eight prisoners with mobility disabilities are in the Jail on any given day" and "between 516 to 1,200 mobility disabled detainees are processed by the Jail in any given year").

The proposed Class in this case is sufficiently numerous that joinder of all members of the Class is impracticable and unfeasible.  The exact number of members in the Class is unknown.  However, according to data from the United States Census conducted in 2010, more than 3.7 million Californians and more than 155,000 Santa Clara County residents identify as having a physical disability, and approximately 10% of Americans have some mobility impairment.  Compl. ¶ 129.  Additionally, in 2017 over 45,000 individuals were

[3212780.1]

booked into the County Jails and the average daily population was approximately 3,500 individuals.  Stip. ¶ 1.  In 2017 to date, Defendants have identified between 55 and 80 inmates in need of a wheelchair, walker, cane, or crutches for a mobility disability in the County Jails at any given time.  *Id*. ¶ 2.  While Plaintiffs allege deficiencies in Defendants' intake and screening processes that may result in under-identification of persons with mobility disabilities, Compl. ¶¶ 4, 95, even using Defendants' numbers, the class is sufficiently numerous.

Additionally, here, the Class includes not only current inmates with mobility disabilities, but also every unknown future prisoner of the County Jails with mobility disabilities.  *Jewett*, 2017 WL 980446 at *5 (presumption of impracticability of joinder "especially true where, as here, the class includes future, unknowable class members"); *Hernandez*, 305 F.R.D. at 153 (same).  All of these inmates—present and future—are or will be subject to Defendants' centralized policies and practices regarding reasonable accommodations, including architectural barriers.  Because Plaintiffs seek injunctive and declaratory relief and the Class at issue includes future unknowable members, joinder is inherently impracticable.  Therefore, the proposed Class satisfies the numerosity requirement of Rule 23(a)(1).

### B.   The Commonality Requirement of Rule 23(a)(2) is Satisfied Because There Are Questions of Law and Fact Common to the Class and Capable of Common Answers

Federal Rule of Civil Procedure 23(a)(2) requires that "there [be] questions of law or fact common to the class."  Class claims must "depend upon a common contention … that [] is capable of classwide resolution … mean[ing] that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Dukes*, 564 U.S. at 350.  "Put another way, the key inquiry is not whether the plaintiffs have raised common questions, 'even in droves,' but rather, whether class treatment will 'generate common *answers* apt to drive the resolution of the litigation.'" *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Dukes*, 564 U.S. at 350).  However, to satisfy the commonality requirement "[a]ll questions of fact and

10

[3212780.1]

law need not be common." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (internal quotation marks and citation omitted); *see also Parsons*, 754 F.3d at 675 ("So long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." (internal quotation marks and citation omitted)).

The nature of this suit and the relief requested support a finding of commonality.  In a civil rights lawsuit brought by inmates, such as this, "commonality is satisfied where the lawsuit challenges a system wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005).  When such a policy exists, "individual factual differences among the individual litigants or groups of litigants will not preclude a finding of commonality." *Id.*; *see also, e.g.*, *Hernandez*, 305 F.R.D. at 153-59 (certifying both a prisoner class and a subclass of prisoners with disabilities where a central question of injury was "whether Defendants' policies and practices reflect deliberate indifference as to Plaintiffs' medical care, mental health care, and safety needs"); *Parsons*, 754 F.3d at 678 (certifying a statewide prisoner class where plaintiffs "set forth numerous common contentions whose truth or falsity [could] be determined in one stroke: whether the specified statewide policies and practices to which they are all subjected by [the State] expose them to a substantial risk of harm").

The case at hand is a quintessential civil rights class action alleging systemic discrimination:  Plaintiffs' claims rest upon a common set of failed policies, practices, and procedures that result in an overall failure to ensure physical and programmatic accessibility of the County Jails.

### 1.    Common Questions of Law

The Class members share, at a minimum, the following common legal questions raised in the Complaint and Defendants' Answer:

1.    Whether Defendants are violating Title II of the ADA, 42 U.S.C. §§ 12131 *et seq.*, and/or Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 *et seq.*,

11

[3212780.1]

1    by failing to make their programs, services, and activities accessible to and

2    useable by persons with disabilities, and otherwise discriminating against

3    persons with disabilities, as set forth in paragraphs 1-127 of the Complaint.

4    2.    Whether Defendants are violating California Government Code §§ 11135 *et*

5    *seq*., by denying the benefits to persons with disabilities of any program or

6    activity that is funded directly by the state or receives any financial

7    assistance from the state, as set forth in paragraphs 1-127 of the Complaint.

8    3.    What level of compliance with federal and state accessibility standards is

9    required from Defendants for various County Jail facilities?

**2.    Common Questions of Fact**

The allegations in the Complaint and Defendants' Answer give rise to numerous common questions of fact, the answers to which will be applicable to the Class as a whole. Such common questions include, but are not limited to:

1.    Does the physical inaccessibility of the County Jails exclude inmates with mobility disabilities from programs, services, and activities offered by the County Jails?

2.    Do Defendants make reasonable modifications to their policies and procedures to ensure that they identify and track inmates with mobility disabilities, train staff on any modified policies that are designed to promote accessibility, and/or provide an effective grievance system for grievances relating to access for inmates with mobility disabilities?

3.    What portions of the County Jails are subject to new construction and/or alteration accessibility standards?

These common questions of law and fact depend on common contentions and are not affected by the circumstances of any individual class member. Thus, such questions are capable of generating common answers and hence are appropriate for class-wide resolution. *Dukes*, 564 U.S. at 350.

### C.   The Claims of the Representatives Are Typical of the Claims of the Class

Class certification is proper under Rule 23(a)(3) when "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  While the claims of the entire class need not be identical, the class representatives must generally "possess the same interest and suffer the same injury as the class members."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (internal quotation marks and citation omitted); *see Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." (internal quotation marks and citation omitted)); *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1020 (9th Cir. 1998) ("Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; the need not be substantially identical."). Commonality and typicality are closely related, such that a finding of one usually requires a finding of the other.  *See Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987). As with commonality, factual differences among class members do not defeat typicality provided there are legal questions common to all class members.  *See Armstrong*, 275 F.3d at 869 (recognizing that a class of putative prisoners subject to discriminatory treatment by defendants would suffer different injuries due to different disabilities, but those "minor" differences were "insufficient to defeat typicality").  Typicality exists when (1) the named plaintiffs and other class members have the same or similar injury, (2) the action is based on conduct which is not unique to the named plaintiffs, and (3) other class members have been injured by the same course of conduct as the named plaintiffs.  *Ellis*, 657 F.3d at 984.

Here, the named representatives have experienced the same or similar harm, rely on the same legal theories, and seek the same declaratory and injunctive relief that is broadly applicable to all members of the proposed Class.  Defendants' conduct in implementing its policies and practices, including those involving physical and programmatic access, is not unique to Plaintiffs; the correctional policies are developed by Defendants, and are

[3212780.1]

followed by all staff members.  Stip. ¶¶ 11-12, 15, 17.  Thus, all members of the Class allege risk of harm arising from the same system-wide policies and practices.

All of the named representatives are persons with disabilities as defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).  Compl. ¶¶ 15, 22, 30, 35, 39.  Additionally, all of the named representatives' disabilities affect their mobility.  *Id*. ¶¶ 15, 22, 30, 35, 39.  All of the named representatives have been or are currently incarcerated in the County Jails.[1]  During their incarceration at the County Jails, all named representatives faced the same or similar physical barriers and, along with the rest of the proposed Class, are exposed to Defendants' centralized policies and practices with respect to inmates with mobility disabilities.  Thus, the named representatives have suffered the same or similar injuries as other members of the Class, and Plaintiffs allege that they are all equally exposed to an ongoing risk of injury under current policies and practices in the event that they require accommodations for disabilities.  For the foregoing reasons, the injuries suffered by the proposed class representatives are typical of other members of the Class in satisfaction of Rule 23(a)(3).

### D.   Class Representatives and Class Counsel will Adequately Protect the Interests of the Class.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Under Ninth Circuit precedent, adequacy depends on the resolution of two questions:  (1) whether "the named plaintiffs

---

[1] Named Plaintiff Flores is currently incarcerated in the County Jails. Compl. ¶¶ 31, 38. Plaintiff Benjamin is currently housed at the Metropolitan State Hospital for restoration of competency but will be returned to Santa Clara County Jail for his pending criminal proceedings once his competency is restored.  Plaintiff Phillips is currently incarcerated in a CDCR facility but will be supervised in Santa Clara County upon his release on parole and would be held in the Jails for any further proceedings before Santa Clara Superior Court during the pendency of his prison term. Plaintiff Williams has been released from the County Jails pending trial in Santa Clara Superior Court on multiple charges, but remains subject to the ongoing jurisdiction of the County and may be re-incarcerated in the County Jails pending the outcome of his criminal trials.  Plaintiff Cole has been released and completed probation but has a lengthy history of incarcerations in the County Jails and currently resides in Santa Clara County.

[3212780.1]

1  and their counsel have any conflicts of interest with other class members," and (2) whether

2  "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of

3  the class." *Hanlon*, 150 F.3d at 1020 (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582

4  F.2d 507, 512 (9th Cir.1978)).  Satisfying Rule 23(a)(4) thus depends on "the

5  qualifications of counsel for the representatives, an absence of antagonism, a sharing of

6  interests between representatives and absentees, and the unlikelihood that the suit is

7  collusive." *Walters*, 145 F.3d at 1046 (internal citation omitted).

8  ### 1.    Named Representatives

9  The named representatives will fairly and adequately represent the interests of all

10  proposed class members.  As set forth above, the named Plaintiffs' interests are identical to

11  the interests of the proposed Class:  all seek declaratory and injunctive relief compelling

12  Defendants to change their policies and practices, as well as to remove all access barriers,

13  for inmates with mobility disabilities in the Santa Clara County Jails.  Compl. ¶¶ 134, 137.

14  In protecting their own rights, the named Plaintiffs will protect the rights of all proposed

15  Class members.  *Hernandez*, 305 F.R.D. at 160 ("Class representatives have less risk of

16  conflict with unnamed class members when they seek only declaratory and injunctive

17  relief."); *Am. Council of the Blind v. Astrue*, No. C05-04696 WHA, 2008 WL 4279674, at

18  *6 (N.D. Cal. Sept. 11, 2008) (holding that where Plaintiffs do not seek monetary

19  damages, "[t]he potential for any conflict or collusion is … minimal").  The individual

20  class representatives seek to enjoin the unlawful acts and omissions of Defendants, do not

21  seek damages, and have no conflicts of interest that would be antagonistic to other class

22  members.  Compl. ¶ 134.  Thus, the named Plaintiffs are adequate representatives of the

23  class under Rule 23(a)(4).

24  ### 2.    Plaintiffs' Counsel

25  Plaintiffs' counsel also meet the requirements of Rule 23(g), and should therefore

26  be appointed class counsel.  Under Rule 23(g), in appointing class counsel, a court must

27  consider:  "(i) the work counsel has done in identifying or investigating potential claims in

28  the action; (ii) counsel's experience in handling class actions, other complex litigation, and

[3212780.1]

1   the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law;

2   and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P.

3   23(g)(1)(A).  Class counsel is found to be adequate if they do not have "any conflicts of

4   interest with other class members" and if they will "prosecute the action vigorously on

5   behalf of the class." *Hernandez*, 305 F.R.D. at 161 (internal quotation marks and citation

6   omitted).

7        Here, the proposed class is represented by the highly experienced legal team of

8   Disability Rights Advocates ("DRA") and Rosen Bien Galvan & Grunfeld LLP,

9   ("RBGG") who collectively have extensive expertise in complex civil litigation, in class

10  action cases, and in litigation regarding the rights of persons with disabilities and

11  conditions of detention.  Ells Decl. ¶¶ 2-10.  Briefly, DRA has been counsel in numerous

12  class action lawsuits involving persons with disabilities and has obtained settlements that

13  have benefitted large groups of person with disabilities, including those who are

14  incarcerated.  *Id*. ¶¶ 8.  RBGG has decades of experience with large class action lawsuits

15  regarding conditions in correctional facilities, including disability access, as well as

16  complex class litigation involving disability access outside of the correctional context.  *Id.*

17  ¶¶ 3-5.

18        Adequacy of class counsel is met here because the undersigned attorneys'

19  experience ensures that they will fairly and adequately protect the interests of the class.

20  Class counsel has done extensive work investigating the claims in this action, they are

21  well-versed in disability law, and they have more than sufficient resources to vigorously

22  prosecute this case.  Ells Decl. ¶¶ 2-6, 8-10.  Further, no conflicts or collusion exist

23  between opposing counsel, Plaintiffs, and the proposed class members that would

24  compromise their ability to represent the class.  *Id.* ¶¶ 7, 10; s*ee Harper v. Law Office of

25  Harris & Zide LLP*, No. 15-CV-01114-HSG, 2016 WL 2344194, at *4 (N.D. Cal. May 4,

26  2016) (finding adequacy of class counsel where Plaintiffs' attorney appointed class

27  counsel in numerous class actions around the country, including those brought under the

28  same federal laws); *Kim v. Space Pencil, Inc.*, No. C 11-03796 LB, 2012 WL 5948951, at

1  *3 (N.D. Cal. Nov. 28, 2012) (finding adequacy of class counsel where counsel "have

2  regularly engaged in major complex litigation and have extensive experience in [] class

3  action lawsuits that are similar in size, scope and complexity to the present case").  For all

4  these reasons, class counsel is adequate for the purposes of class certification under Rule

5  23(a)(4), and they should be appointed class counsel under Rule 23(g)(1) and (4).

6  **III.     THE CONDITIONS OF RULE 23(b)(2) ARE MET.**

7        In addition to meeting the requirements under Rule 23(a), Plaintiffs must also

8  establish at least one of the grounds for maintaining a class action under Rule 23(b) before

9  a class will be certified.  *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension*

10  *Fund*, No. 14-cv-05596-JST, 2015 WL 5569462, at *4 (N.D. Cal. Sept. 22, 2015).  Here,

11  the parties have agreed that class certification is warranted under Rule 23(b)(2).

12       A class action may be certified under Rule 23(b)(2) where "the party opposing the

13  class has acted or refused to act on grounds that apply generally to the class, so that final

14  injunctive relief or corresponding declaratory relief is appropriate respecting the class as a

15  whole."  Fed R. Civ. P. 23(b)(2).  "[T]he primary role of this provision has always been the

16  certification of civil rights class actions."  *Parsons*, 754 F.3d at 686; *see also Amchem*

17  *Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).  For a class to be certified under Rule

18  23(b)(2), "[i]t is sufficient if class members complain of a pattern or practice that is

19  generally applicable to the class," even if not all class members have been injured by the

20  challenged practice.  *Walters*, 145 F.3d at 1047.  The requirements of Rule 23(b)(2) are

21  "almost automatically satisfied in actions primarily seeking injunctive relief."  *Baby Neal*,

22  43 F.3d at 58.

23       The claims brought in this case are precisely the type of claims that Rule 23(b)(2)

24  was intended to cover.  Here, Plaintiffs seek broad declaratory and injunctive relief—

25  system-wide improvements in the Jails' programs and facilities—on behalf of a large and

26  transitory class of inmates with mobility disabilities who are being denied access to the

27  County Jails' programs, services, and activities due to alleged deficiencies in Defendants'

28  policies and practices.  While each of Defendants' policies and practices may not affect

17                                    Case No. 5:16-cv-06594-LHK

[3212780.1]

1  every member of the proposed Class in exactly the same way, they constitute shared
2  grounds for all inmates in the proposed class.  *See Rodriguez v. Hayes*, 591 F.3d 1105,
3  1125 (9th Cir. 2010) ("The fact that some class members may have suffered no injury or
4  different injuries from the challenged practice does not prevent the class from meeting the
5  requirements of Rule 23(b)(2).").  Therefore, certification of the proposed class under Rule
6  23(b)(2) is proper.

7                                    **CONCLUSION**

8          For the above stated reasons, the parties respectfully request that this Court enter an
9  order certifying this action as a class action and certifying a Class of "all individuals with
10  mobility disabilities who are now, or will be in the future, incarcerated in the Santa Clara
11  County Jails."  Plaintiffs further request that they be certified as the representatives of the
12  Class and that their counsel be certified as counsel for the Class. Pursuant to Local Rule 5-
13  1(i)(3) concurrence in the filing of this document has been obtained from each of the
14  signatories below.

15  DATED: January 23, 2018            Respectfully submitted,

16                                     ROSEN BIEN GALVAN & GRUNFELD LLP
17                                     DISABILITY RIGHTS ADVOCATES

18                                     By:  */s/ Kara Janssen*
19                                          Kara Janssen

20                                     Attorneys for Plaintiffs

21

22  DATED:  January 23, 2018           JAMES R. WILLIAMS
23                                     County Counsel

24                                     By:  */s/ Aryn Paige Harris*
                                            Aryn Paige Harris
25                                          Deputy County Counsel

26                                     Attorneys for Defendant

27

28

[3212780.1]