UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID COLE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 16-CV-06594-LHK<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 74, 75 |

WHEREAS, Plaintiffs David Cole, Leroy Benjamin, Erasmo Flores, Jr., Robert Phillips, and Brandon Williams ("Plaintiffs") and Defendant County of Santa Clara ("Defendant" erroneously sued herein as County of Santa Clara Department of Correction, and the County of Santa Clara Office of the Sheriff) (collectively, "the Parties") have advised the Court that they have settled the above-captioned litigation (hereafter, "Litigation") and have memorialized the terms of their settlement in a settlement agreement ("Consent Decree"), which is attached to the Declaration of Lisa Ells in Support of the Joint Motion for Final Approval of Class Settlement as Exhibit 1, ECF No. 75-1;

WHEREAS, the Court granted preliminary approval of the parties' Consent Decree on December 7, 2018, finding that it "falls within the range of possible approval" and "is the product

1

of arm's-length, serious, informed and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation," ECF No. 73;

WHEREAS, the Parties submitted their Joint Motion for Final Approval of Class Settlement on January 14, 2019 and jointly requested an order (1) finding the proposed Consent Decree's terms and conditions are fair, adequate, and reasonable; and (2) approving the Consent Decree, ECF No. 74;

WHEREAS, Plaintiff submitted their Motion for Attorneys' Fees and Costs on January 14, 2019, and attached the declarations of Lisa Ells, Stuart Seaborn, and Richard Pearl, ECF No. 75;

WHEREAS, the Court requested supplemental information regarding Plaintiffs' counsel's billing records and resumes on March 18, 2019 and March 19, 2019, ECF Nos. 81 & 82;

WHEREAS Plaintiff filed supplemental declarations of Lisa Ells and Stuart Seaborn in response to the Court's request for supplemental information on March 19, 2019, ECF Nos. 83 & 84;

WHEREAS, the Joint Motion for Final Approval of Class Settlement and the Motion for Attorneys' Fees and Costs came on for hearing before this Court on March 21, 2019; and

WHEREAS, the Court has considered the Joint Motion for Final Approval of Class Settlement, Plaintiffs' Motion for Attorneys' Fees and Costs, the proposed Consent Decree, and the arguments of counsel at the March 21, 2019 hearing;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court finds that the Consent Decree is fair, adequate, reasonable, and free from collusion. *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (noting district court's role in reviewing the substance of the settlement is solely to ensure that it is "fair, adequate, and free from collusion." (quoting *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1027 (9th Cir. 1998)). It further appears that extensive evaluation of the merits has been conducted such that the attorneys for the Parties are able to reasonably evaluate their respective positions. It also appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as avoid the delay and the risks presented by further litigation regarding the issues addressed by the Consent

2

Decree. It further appears that the Consent Decree has been reached as the result of intensive, prolonged, serious, and non-collusive arms-length negotiations, including multiple in-person and telephonic settlement sessions. The Court therefore finds that all the relevant *Hanlon* factors weigh in favor of granting final approval in this case. *See Hanlon,* 150 F.3d 1011 at 1026.

2. The Court finds that the distribution of notice by all Parties was done in a manner and form consistent with the Court's December 7, 2018 Order and the Court's January 30, 2019 Order extending the objection deadline, ECF Nos. 73 & 79, and meets the requirements of both due process and Rule 23 of the Federal Rules of Civil Procedure.

3. The Court finds that the Consent Decree satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A) in that it is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal rights of Plaintiffs and the Plaintiff Class.

4. The Parties' Consent Decree is granted final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is incorporated by reference, and has the full force and effect of an order of this Court. Pursuant to Section IX of the Consent Decree, the Court retains jurisdiction to enforce the terms of the Consent Decree and to resolve disputes regarding compliance with the Consent Decree, subject to the limitations contained within the Consent Decree.

5. This is a class action certified pursuant to Federal Rule of Civil Procedure 23(b)(2) and the Court may award attorneys' fees and costs to class counsel pursuant to Federal Rule of Civil Procedure 23(h).

6. Plaintiffs are "prevailing parties" under the federal fee shifting statutes 42 U.S.C § 1983, 42 U.S.C. § 12205, and 29 U.S.C. § 794a(b). Plaintiffs are also successful litigants under California's private attorney general statute, Cal. Code Civ. Proc. § 1021.5. An award of attorney fees is appropriate under both Section 1021.5 and the separate fee-shifting statutes.

7. Plaintiffs are represented by counsel at Rosen Bien Galvan & Grunfeld LLP ("RBGG") and Disability Rights Advocates ("DRA"). The requested 2018 rates for Plaintiffs' counsel – $650 per hour for RBGG Partner Lisa Ells, $525 per hour for RBGG Associate Kara

3
Case No. 16-CV-06594-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND MOTION FOR ATTORNEYS' FEES

Janssen, $375 per hour for RBGG Associate Marc Shinn-Krantz, $340 per hour for RBGG Senior Paralegal Karen Stilber, $225 per hour for RBGG Paralegal Hanna Wallace and former RBGG Paralegal Sara Long, $775 per hour for DRA Managing Director of Litigation Stuart Seaborn, $655 for DRA's Former Director of Litigation Mary-Lee Smith, $425 for DRA Staff Attorney Michelle Iorio, and $230 for DRA Paralegals Carly Schaaf, Jaqueline U, and Jessica Flores – are reasonable and appropriate for their work in this litigation. The rates sought here are in line with the market rates prevailing in the San Francisco Bay Area for work of similar complexity by lawyers of similar skills and experience. Plaintiffs' counsel possess a significant amount of experience and expertise in disability rights, prisoners' rights, and complex class actions, which they utilized in this case to secure exceptional results.

8. The time Plaintiffs' counsel expended on this case was appropriate given the length, intensity, and nature of the litigation. Plaintiffs' counsel effectively and efficiently litigated this case. Legal work was allocated between and among Plaintiffs' counsel to ensure work was performed effectively and efficiently utilizing the expertise of each organization. In calculating their lodestar, Plaintiffs have written off a total of approximately 10% of billable hours to date. The Court finds these billing judgment reductions to be reasonable and appropriate, in that they assure that Plaintiffs' counsel have accounted for any undue duplication of effort or inefficiency.

9. From July 1, 2016 through March 18, 2019, DRA worked 1259.8 hours total and RBGG worked 1737.3 hours total. DRA wrote off 82.1 hours to claim 1177.7 hours, and RBGG wrote off 233.8 hours to claim 1503.5 hours. Therefore, the total hours claimed by Plaintiffs' counsel are 2681.2 hours.

10. After reasonable billing judgment reductions, Plaintiffs' lodestar for work performed from July 1, 2016 through March 18, 2019 is $1,477,123.50, representing compensation for 2681.2 hours of work invested in this case.

11. Plaintiffs' counsel is entitled to recover the costs advanced to prosecute this litigation on behalf of the class. Plaintiffs have incurred costs of $14,860.53.

12. Accordingly, the Court finds that Plaintiffs' counsel's total lodestar plus expenses

4

from July 1, 2016 through March 18, 2019 of $1,477,123.50 is reasonable and appropriate under federal and state law for the work performed and the success achieved for the class. This amount far exceeds the negotiated amount of $1 million provided for attorneys' fees and costs through the effective date of the Consent Decree pursuant to Section VI(A) of the Consent Decree. The Consent Decree's effective date is the date this Court grants final approval of this class action settlement.

13. Defendant is ordered to pay Plaintiffs $1 million for reasonable attorneys' fees and costs. Payment shall be made in a manner consistent with the parties' negotiated language in Section VI of the Consent Decree.

14. Attorneys are entitled to recover fees for time spent monitoring and enforcing compliance with settlement agreements in civil rights lawsuits. Monitoring work is compensable even if it does not result in additional judicial relief. Accordingly, Plaintiffs are entitled to attorneys' fees and costs for implementation and monitoring of the Consent Decree.

15. The agreed-upon monitoring process for this case is appropriate and necessarily robust. The Consent Decree details extensive monitoring work to be performed by Plaintiffs' counsel, including work required to implement policies required by the Consent Decree. The parties have negotiated that such work, plus any enforcement work that proves necessary subject to the narrow exceptions specified at Section VI(B)(2) of the Consent Decree, will be fully compensated by a fixed payment of $2.2 million for attorneys' fees and costs incurred or attributable to any and all work performed from the effective date of the Consent Decree up through the term as defined in Section VIII of the Consent Decree.

16. Defendant is ordered to pay Plaintiffs $2.2 million for reasonable attorneys' fees and costs for work performed from the effective date of the Consent Decree up through the term as defined in Section VIII of the Consent Decree. The Consent Decree Term is twelve months after the certificate of occupancy for the new jail has been issued and the Country has begun placement of inmates in the new jail. The new jail is expected to be constructed by mid-2023, which is four-and-a-half years from today. With likely delays in construction, the parties anticipate that the $2.2

million will cover Plaintiffs' counsel's reasonable attorneys' fees and costs for worked performed over the next five-and-a-half years. Payment shall be made in a manner consistent with the parties' negotiated language in Section VI of the Consent Decree. Specifically, the $2.2 million shall be paid into the Cole Jail Monitoring Qualified Settlement Fund ("QSF"). Plaintiffs' counsel may not seek payment out of the QSF until monitoring and enforcement work is actually performed and must substantiate any request for disbursement from the QSF with records detailing the fees and costs incurred for which compensation is being sought.

**IT IS SO ORDERED.**

Dated: March 21, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge